**Dorothy Nell ADAMS, Appellant,**

**v.**

**James A. ADAMS, Appellee.**

No. 6149.

Court of Civil Appeals of Texas.

Beaumont.

July 14, 1958.

Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

Earl R. Parker, Dallas, for appellee.

HIGHTOWER, Justice.

This is a divorce action brought by James A. Adams, hereinafter referred to as plaintiff, against Dorothy Nell Adams, hereinafter referred to as defendant. This case was transferred to this court from Dallas. Plaintiff, among other things, sought custody of the couple's minor child, Gary Adams, whose age was four and one-half years at the date of trial. Plaintiff sought such custody on specific allegations of the defendant's conduct rendering her an unfit

person to have the custody of the child herself. The defendant, by answer and cross action, denied the plaintiff's allegations concerning her fitness to have the control and custody of their child and specifically alleged that she was a fit and proper person for its custody. Judgment for divorce and custody of the child was rendered in favor of the plaintiff. In such judgment the court specifically found that the best interests of the child would be served by awarding it to the plaintiff. The judgment further provided for the right of visitation by the mother at all reasonable times. Having duly perfected her appeal from said judgment, the defendant contends, by her one point of error, that the trial court erred and abused its discretion in awarding custody of the minor child to the plaintiff, rather than to herself, in the face of preponderance and great weight of the testimony, which shows the natural mother to be a fit and proper person to have the custody of said minor child.

The parties were married November 3, 1951, and separated November 3, 1956. In support of his contentions that the defendant was not a proper person for the custody of their child, the plaintiff offered proof that just prior to their separation the defendant had become restless and had on several occasions departed their home early in the evening, only returning thereto late at night; that on one of these occasions upon her return, she had advised him that she had been out with another man; that upon one occasion, shortly after the separation, she had advised him that "she had got out and found out that it was his fault and not hers that she did not get satisfied sexually". The defendant admitted, that within a few days after their separation, she was accosted by her husband at 1:30 one morning in front of his sister's house where she had stopped to pick up the child here involved; that at such time she was in the company of another married man with whom, she later stated, she had had several dates shortly after she and the plaintiff had separated.

Conceding that the foregoing indiscretion of defendant would not necessarily render her unfit to have custody of her child of such tender years, we are not prepared to say that the court abused its discretion in finding that the child's best interests lay with its father in the circumstances.

The plaintiff and defendant were married November 3, 1951, as aforesaid. The child was born nine months and a day thereafter. The defendant's own testimony reveals that she was resentful of having given birth so soon after marriage. The opinion of the several witnesses in the trial was conflicting in regard to the extent of her interest in the child, and as to which parent would best serve its welfare. Both parents were employed at the time of their marriage and each had remained to the time of trial. By mutual agreement, the child, since it was seven months old, had been mostly cared for, to the date of trial, in the home of Mrs. C. W. Karr, plaintiff's sister. Mrs. Karr, it was shown, lived with her husband in a pleasant two-bedroom home. She had children of her own—a boy six, a girl ten. During a period of almost three years that the child here involved had resided in the Karr home prior to trial, these children had grown to love it. Mrs. Karr stated to the court that she would continue to care for the child while the plaintiff worked if plaintiff was awarded custody. On the other hand it was shown that should the defendant be awarded custody she could not give it all her attention; that she must continue to work and, while so working, would have to hire a babysitter to tend the child.

Under such circumstances the trial court had the weighty responsibility of determining which environment would best serve the child's welfare.

No citation of authorities is required to support the fact that a mother's care is one of the paramount factors in determining the best interests of a child so young. We are not advised as to the extent

the trial judge may have considered the defendant's enamoredness of the married man heretofore mentioned, in determining what home would be best for the child in its formative years immediately following the divorce. The court filed no findings, nor were any requested by defendant, in such connection. Nevertheless, all the evidence, we believe, sufficiently presented a question of fact for the trial judge, his determination of which we give deference in the absence of facts showing a clear abuse of discretion. The judgment of the trial court is affirmed.